**FAMILY TELEVISION, INC., and Keith A. Houser, Plaintiffs,**

v.

**The SECURITIES AND EXCHANGE COMMISSION, Defendant.**

Civ. A. No. 84–1721.

United States District Court, District of Columbia.

March 29, 1985.

Paul L. Perito, Frank Koszorus, Jr., Perito, Duerk, Pinco, Washington, D.C., for plaintiffs.

Linda D. Fienberg, Associate Gen. Counsel, S.E.C., Richard M. Humes, Asst. Gen. Counsel, S.E.C., Washington, D.C., for defendant; John A. Keeffe, Eastchester, N.Y., John R. Bartels, Jr., White Plains, N.Y., of counsel.

**ORDER OF DISMISSAL**

BARRINGTON D. PARKER, District Judge.

This case involves an appeal from the action of the Securities and Exchange Commission ("SEC" or "Commission") denying an application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504. The claim for fees arises out of a three-year SEC investigation of the petitioners, Family Television, Inc. ("FTI") and Keith Houser, its president and director. The SEC has filed a motion to dismiss the petitioners' application on the

grounds that their claim is not within the limited scope of the EAJA. For the reasons set out below, the Court determines that the petition lacks merit and should be denied, and that this proceeding should be dismissed.

On May 13, 1981, the SEC initiated an investigation of the petitioners for alleged violations of the registration and antifraud provisions of the 1933 and 1934 federal securities laws and accompanying regulations. On February 6, 1984, the SEC informed FTI and Houser that it was terminating the investigation without recommending any enforcement action. The SEC, however, stated that terminating the investigation did not exonerate the petitioners and did not preclude further future action. *See* Securities Act Release No. 5310, 1 Fed.Sec.L.Rep. ¶ 4995 [CCH] at 4321, 38 Fed.Reg. 5457.

The petitioners subsequently filed a timely application with the SEC for attorneys' fees incurred in connection with the investigation. *See* 5 U.S.C. § 504. The SEC rejected the request on the grounds that the statute provides for attorneys' fees only in cases of "adversary adjudications," not in cases of investigations. On June 4, 1984 FTI and Houser filed their present petition, seeking attorneys' fees in the amount of approximately $385,000.

### A.

The threshold issue is whether this Court has jurisdiction to consider the present petition for attorneys' fees. Section 504(c)(2) of the EAJA provides that "[a] party dissatisfied with the fee determination ... may petition ... to the court having jurisdiction to review the merits of the underlying decision of the agency...." The SEC maintains that the staff decision not to recommend that the Commission file an injunctive action is "committed to agency discretion," 15 U.S.C. §§ 77t(b), 78u(d), and is therefore unreviewable. *See Kixmiller v. SEC*, 492 F.2d 641, 645 (D.C.Cir.1974). *Compare Medical Committee for Human Rights v. SEC*, 432 F.2d 659 (D.C.Cir.1970) (holding SEC decision reviewable when

Commission has reviewed staff decision), *vacated as moot*, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972). Alternatively, the SEC argues that if its decision is reviewable, proper jurisdiction lies in the Court of Appeals and not in this forum. *See* 15 U.S.C. § 78y(a).

■ Contrary to the SEC's contention, proper jurisdiction rests with this Court. The underlying dispute in this case concerned possible registration and antifraud violations of the securities laws. If the SEC determined that FTI and Houser had been involved in violating securities laws, the Commission could have sought injunctive relief in this Court to prevent further violations. This Court could then have reviewed the merits of the SEC's action. Under those circumstances, this Court would have jurisdiction to decide the merits of the petition for fees. The fact that the SEC declined to pursue this course does not deprive this Court of jurisdiction over the merits of the petition for fees.

### B.

The ultimate question to be decided is whether or not the SEC proceeding was an "adversary adjudication." EAJA defines an "adversary adjudication" as an "adjudication under [5 U.S.C. § 554] in which the United States is represented by counsel or otherwise...." Section 504(b)(1)(C). Section 554 covers adjudications required by statute to be determined on the record after opportunity for an agency hearing. In turn, these adjudications are defined as the "agency process for the formulation of an order," 5 U.S.C. § 551(7) (1982), and an "order" is defined as "the whole or part of a final disposition...." *Id.* § 551(6).

■ In this case, the SEC staff entered a formal order of investigation against the petitioners. During the course of the investigation, subpoenas were issued to directors of FTI and its business associates to determine the existence of securities registration and antifraud violations. The proceeding did not result in a hearing before an administrative law judge. The

SEC's claims that its action was not required to be on the record after opportunity for hearing and that dropping the investigation was not a final disposition is supported in the record and uncontroverted by the petitioners. In this case, then, the SEC merely conducted an investigation and, therefore, the proceeding was not an adversary adjudication.

This literal interpretation of section 554 "adjudications" is supported by *ITT v. Electrical Workers,* 419 U.S. 428, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975). There, the Supreme Court considered whether the prohibition in section 554 against commingling prosecutorial and adjudicatory functions had been violated when the presiding officer at an NLRB evidentiary hearing subsequently represented the NLRB's general counsel at the trial examiner's hearing. The later hearing was convened to review and recommend enforcement action. In deciding that the evidentiary hearing was not an adjudication, the Supreme Court stated that an adjudication requires "a hearing before an administrative law judge who makes findings of fact and conclusions of law, initially decides the case, and whose recommended decision 'becomes the decision of the agency....'" *Id.* at 445, 95 S.Ct. at 610. Further, the Court held that " '[i]nvesigatory proceedings ... which do not lead to the issuance of an order containing the element of a final disposition ... do not constitute adjudication.'" *Id.* (*quoting* Attorney General's Manual on Administrative Procedures Act 40 (1947)). It is thus clear that the SEC proceeding in this case did not comprise the requisite elements of an adversary adjudication within sections 504 and 554.[1]

Additionally, the petitioners' allegations that the SEC investigation was conducted in an abusive and harassing manner does not thereby convert the proceeding into an adversary adjudication. It is true, as the petitioners argue, that EAJA was enacted to protect parties from abusive agency action. *See* H.R.Rep. No. 1418, 96th Cong.,

2d Sess. 14, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4993. The attorneys' fees provision, however, is expressly limited to adversary adjudications. *Id.* Congress wanted to protect persons with rights at stake who, but for the EAJA, would be deterred from asserting or defending those rights. Here, the petitioners could have pursued other remedies during the course of the investigation. Investigation targets who do not wish to comply with SEC subpoenas may charge the Commission with harassment when it seeks to enforce the subpoena in the district court. *See Sprecher v. Graber,* 716 F.2d 968 (2d Cir.1983). The petitioners also could have sought a stay of the proceedings at any point during the two-and-one half-year investigation if they believed that subpoenas directed at them or third parties would cause FTI irreparable harm. *See Ayers v. SEC,* 482 F.Supp. 747, 751 (D.Mont.1980). The petitioners failed to pursue these remedies and may not now claim relief under the EAJA.

For the reasons stated heretofore, the SEC's Motion to Dismiss is granted and the plaintiffs' petition is dismissed with prejudice.

---

1. Because this Court finds that no adversary adjudication was involved, the remaining threshold requirements in § 504, namely, that the petitioner is a prevailing party in a final disposition and that the United States' position is "substantially justified," need not be discussed.